1  Mark E. Merin (State Bar No. 043849)
   Paul H. Masuhara (State Bar No. 289805)
2  LAW OFFICE OF MARK E. MERIN
   1010 F Street, Suite 300
3  Sacramento, California 95814
   Telephone:    (916) 443-6911
4  Facsimile:    (916) 447-8336
   E-Mail:       mark@markmerin.com
5                paul@markmerin.com
6
7  Attorneys for Plaintiffs
   ESTATE OF NYOTA KOYA
8  and NATHIFA WRIGHT

9                    UNITED STATES DISTRICT COURT

10                   EASTERN DISTRICT OF CALIFORNIA

11                        SACRAMENTO DIVISION

12 ESTATE OF NYOTA KOYA and NATHIFA        Case No.
   WRIGHT,
13                                          **COMPLAINT FOR VIOLATION OF
                                            CIVIL AND CONSTITUTIONAL RIGHTS**
14                    Plaintiffs,

15 vs.

16 CITY OF SACRAMENTO, SACRAMENTO
   POLICE DEPARTMENT, KATHERINE
17 LESTER, and DOE 1 to 5,

18                    Defendants.

19

20                        **INTRODUCTION**

21        66-year-old NYOTA KOYA was assaulted, arrested, and denied medical attention by police

22 officers employed by the SACRAMENTO POLICE DEPARTMENT on November 17, 2024, resulting

23 in her death on November 24, 2024.

24                     **JURISDICTION & VENUE**

25        1.    This Court has jurisdiction of the federal claims under 28 U.S.C. § 1331 (in that they arise

26 under the United States Constitution) and 28 U.S.C. § 1343(a)(3) (in that the action is brought to address

27 deprivations, under color of state authority, of rights, privileges, and immunities protected by the United

28 States Constitution). This Court has jurisdiction of the state claims under 28 U.S.C. § 1367.

                                    1

2.      Venue is proper in the United State District Court for the Eastern District of California pursuant to 28 U.S.C. § 1391(b) because Defendants are located in the Eastern District of California and because many of the acts and/or omissions described herein occurred in the Eastern District of California.

3.      Intradistrict venue is proper in the Sacramento Division of the Eastern District of California pursuant to Local Rule 120(d) because the claims asserted herein arise from acts and/or omissions which occurred in the County of Sacramento, California.

## EXHAUSTION

4.      On March 4, 2025, the ESTATE OF NYOTA KOYA and NATHIFA WRIGHT submitted a government claim to the CITY OF SACRAMENTO and SACRAMENTO POLICE DEPARTMENT relating to the claims asserted in this action.

5.      On March 7, 2025, the CITY OF SACRAMENTO rejected the government claim. Claim No. C566524336-0002-01.

6.      By April 16, 2025, the SACRAMENTO POLICE DEPARTMENT failed to act on the government claim.

## PARTIES

7.      Plaintiff ESTATE OF NYOTA KOYA appears by and through real-party-in-interest Plaintiff NATHIFA WRIGHT, the biological child of NYOTA KOYA, who brings this action pursuant to California Code of Civil Procedure § 377.30. Plaintiff NATHIFA WRIGHT brings this action as the successor-in-interest on behalf of NYOTA KOYA. A declaration regarding Plaintiff NATHIFA WRIGHT's status as the successor-in-interest to NYOTA KOYA is attached, pursuant to California Code of Civil Procedure § 377.32.

8.      Plaintiff NATHIFA WRIGHT is a resident of the County of Placer, California. Plaintiff NATHIFA WRIGHT is the biological child of NYOTA KOYA. Plaintiff NATHIFA WRIGHT brings this action: (1) in a representative capacity, as the successor-in-interest on behalf of NYOTA KOYA; and (2) in an individual capacity, on behalf of herself.

9.      Defendant CITY OF SACRAMENTO is located in the County of Sacramento, California. Defendant CITY OF SACRAMENTO is a "public entity" pursuant to California Government Code § 811.2.

1    10.     Defendant SACRAMENTO POLICE DEPARTMENT is located in the County of

2    Sacramento, California. Defendant SACRAMENTO COUNTY SHERIFF'S DEPARTMENT is a

3    "public entity" pursuant to California Government Code § 811.2.

4    11.     Defendant KATHERINE LESTER is and was, at all times material herein, Police Chief

5    for Defendants CITY OF SACRAMENTO and SACRAMENTO POLICE DEPARTMENT, acting

6    within the scope of employment and under color of state law. Defendant KATHERINE LESTER is sued

7    in an individual capacity.

8    12.     Defendants DOE 1 to 5 are and/or were agents, contractors, or employees of Defendants

9    CITY OF SACRAMENTO and/or SACRAMENTO POLICE DEPARTMENT, acting within the scope

10   of agency or employment and under color of state law. Defendants DOE 1 to 5 are sued by fictitious

11   names and their true and correct names and identities will be substituted when ascertained.

12                               **GENERAL ALLEGATIONS**

13   13.     At all times relevant herein, all wrongful acts described were performed under color of

14   state law and/or in concert with or on behalf of those acting under the color of state law.

15   14.     NYOTA KOYA was a 66-year-old Black woman when she died on November 24, 2024.

16                                 **Vehicle Extraction**

17   15.     On November 17, 2024, NYOTA KOYA's vehicle was inoperable while parked in the

18   Haggin Oaks Golf Complex parking lot located near 3600 Block of Fulton Avenue, Sacramento, CA

19   95821. NYOTA KOYA was located inside of her vehicle.

20   16.     Around 11:40 a.m., Defendant DOE 1, a police officer employed by Defendants CITY OF

21   SACREMENTO, SACRAMENTO POLICE DEPARTMENT, and KATHERINE LESTER, parked his

22   patrol vehicle near NYOTA KOYA's vehicle.

23   17.     Defendant DOE 1 exited his patrol vehicle and contacted NYOTA KOYA while she was

24   inside of her vehicle.

25   18.     NYOTA KOYA was seated in driver seat of her vehicle, holding a large bag on her lap,

26   with the vehicle engine off and with the driver door opened. NYOTA KOYA was a 66-year-old, visibly

27   frail, grey-haired Black woman, dressed in a bathrobe without pants.

28   19.     Defendant DOE 1 said, "Alright. So, I've given you more than enough time. I've been on

3

**COMPLAINT; DEMAND FOR JURY TRIAL**
*Estate of Koya v. City of Sacramento*, United States District Court, Eastern District of California, Case No. _____

this call -- let me double-check."

20.     Defendant DOE 1 returned to his patrol vehicle, sat in the driver seat of the vehicle, briefly used a data terminal, then exited his vehicle.

21.     Defendant DOE 1 said, "For an hour. So, five minutes. If you're not ready, and your stuff is not outside your car, we are going to jail. So, if you would like to go to jail, stay in your car for five more minutes and we'll be going to jail. So, at 12:27, we'll be going to jail."

22.     Defendant DOE 1 lacked probable cause or reasonable suspicion that NYOTA KOYA had committed any crime, where she was stranded in an inoperable vehicle.

23.     Defendant DOE 1 failed to utilize appropriate policies, training, standards, and procedures, including California Commission on Peace Officer Standards and Training ("POST") Learning Domain 33 (Arrest and Control); and Sacramento Police Department General Order 523.03 (Misdemeanor and Infraction Offenses), General Order 523.04 (Notice to Appear (Citations)), General Order 538.02 (Trespass Violations).

24.     NYOTA KOYA said, "This is bullshit."

25.     Defendant DOE 1 said, "Okay. So, are we getting out of the vehicle?"

26.     NYOTA KOYA said, "This, right here, is straight bullshit and I'm sick of it. I've been through this shit so goddamn long. I'm tired of it."

27.     Defendant DOE 1 said, "Okay. Are we going to pack?"

28.     NYOTA KOYA said, "What?"

29.     Defendant DOE 1 said, "Are we going to pack?"

30.     NYOTA KOYA said, "It's packed already, baby. It is packed. So, you get it out."

31.     Defendant DOE 1 said, "Okay."

32.     NYOTA KOYA said, "You fucking get it out."

33.     Defendant DOE 1 said, "Okay. I'm not getting anything out."

34.     NYOTA KOYA moved the bag on her lap to the passenger seat and closed her vehicle's door.

35.     Defendant DOE 1 said, "Alright."

36.     Defendant DOE 1 approached NYOTA KOYA's vehicle and opened the driver side door

4

of the vehicle.

37.    NYOTA KOYA remained seated in her vehicle, with nothing in her hands.

38.    Defendant DOE 1 said, "Get out."

39.    Defendant DOE 1 reached into NYOTA KOYA's vehicle, towards NYOTA KOYA.

40.    NYOTA KOYA said, "Don't you put your hand --"

41.    Defendant DOE 1 grabbed hold of NYOTA KOYA's left arm and began to pull her.

42.    NYOTA KOYA said, "Get your goddamn hand -- get --"

43.    Defendant DOE 1 said, "Let it go."

44.    NYOTA KOYA said, "I'm not letting -- goddamn you."

45.    Defendant DOE 1 pulled NYOTA KOYA's outstretched left arm behind her back.

46.    NYOTA KOYA said, "You ain't no police."

**Take-Down**

47.    Defendant DOE 1 pulled NYOTA KOYA from her vehicle.

48.    NYOTA KOYA said, "You bitch-ass motherfucker. Hell no."

49.    Defendant DOE 1 pushed NYOTA KOYA face-first onto the asphalt parking lot outside of her vehicle while holding her left arm.

50.    NYOTA KOYA said, "Let me fucking go."

51.    Defendant DOE 1 twisted NYOTA KOYA's left arm behind her back and pinned NYOTA KOYA and her left arm against the ground using his left knee.

52.    NYOTA KOYA cried out, "No!"

53.    Defendant DOE 1 grabbed hold of NYOTA KOYA's right wrist and twisted it behind her back, bringing both her left and right wrists together behind her back.

54.    NYOTA KOYA began to weep, as she was pinned on the ground, with her hands held behind her back and with Defendant DOE 1's knee on her back.

55.    Defendant DOE 1 used his radio and said, "28. I'll take a second unit. I'm stable."

56.    NYOTA KOYA said, "Let me go."

57.    NYOTA KOYA continued to cry while being pinned to the ground with Defendant DOE 1 on top of her.

58. Defendant DOE 1 applied handcuffs to NYOTA KOYA's right wrist.

59. NYOTA KOYA said, "Get off of me. Get off of me. Get off. Get off of me. Get off." NYOTA KOYA cried, as she pleaded with Defendant DOE 1 to get off of her back.

60. Defendant DOE 1 lifted his knee off NYOTA KOYA's back, as he applied handcuffs to NYOTA KOYA's left wrist.

61. NYOTA KOYA said, "This is bullshit. Let go of me."

62. Defendant DOE 1 locked the handcuffs tightly behind NYOTA KOYA's back, then used an instrument to double-lock the handcuffs.

63. NYOTA KOYA said, "Let me go."

64. NYOTA KOYA continued to cry, with her arms handcuffed behind her back, lying on the ground.

65. Defendant DOE 1 used excessive force against NYOTA KOYA, who was non-resisting and non-threatening.

66. Defendant DOE 1 failed to utilize appropriate policies, training, standards, and procedures, including California Commission on Peace Officer Standards and Training ("POST") Learning Domain 20 (Use of Force/Deescalation), Learning Domain 33 (Arrest and Control); and Sacramento Police Department General Order 580.02 (Use of Force), Reference Manual 523.02 (Search & Handcuff Manual).

**Sit-Up**

67. Defendant DOE 1 stood up and said, "Alright."

68. Defendant DOE 1 reached down and grabbed NYOTA KOYA from behind under her left arm and pulled against her arm.

69. NYOTA KOYA cried out.

70. Defendant DOE 1 said, "Let's stand up on three, alright? I'm going to roll you on your -- to your side. Kick your knee out and we're going to get up, alright?"

71. Defendant DOE 1 pulled NYOTA KOYA's handcuffed arms, causing her to roll onto her right side.

72. NYOTA KOYA's robe was pulled up, exposing her bare legs.

6

73.     NYOTA KOYA continued to cry while lying on the ground with her hands handcuffed behind her back.

74.     Defendant DOE 1 said, "I'm going to sit you up on three. One, two, three."

75.     Defendant DOE 1 pulled NYOTA KOYA by her arms.

76.     Defendant DOE 1 said, "Sit up. I'm trying to help you up."

77.     NYOTA KOYA said, "Do you see how you got me?"

78.     Defendant DOE 1 said, "I'm trying to help you up."

79.     NYOTA KOYA said, "Do you see?"

80.     Defendant DOE 1 said, "Sit up."

81.     NYOTA KOYA said, "How you're -- how you have --"

82.     Defendant DOE 1 continued to pull NYOTA KOYA by her arms.

83.     Defendant DOE 1 said, "Okay. Sit on your butt."

84.     NYOTA KOYA sat up on the ground.

85.     Defendant DOE 1 closed NYOTA KOYA's vehicle's driver side door.

86.     Defendant DOE 1 pointed to NYOTA KOYA's leg and said, "Tuck this leg in."

87.     NYOTA KOYA said, "Do you see my hands? They're burning. They're wet with blood."

88.     NYOTA KOYA attempted to show Defendant DOE 1 her left hand handcuffed behind her back which was scrapped and bleeding.

89.     NYOTA KOYA said, "Do you see this? You see?"

90.     Defendant DOE 1 said, "I do not."

91.     NYOTA KOYA said, "You do."

92.     Defendant DOE 1 said, "Kick your leg in."

93.     NYOTA KOYA said, "You do."

94.     Defendant DOE 1 said, "Kick your leg in."

95.     NYOTA KOYA said, "Can you help me, please? Can you help me, please?"

96.     Defendant DOE 1 said, "Kick your leg in."

97.     NYOTA KOYA said, "Can you help me, please?"

98.     Defendant DOE 1 said, "So, are you going to kick your leg in or not?"

7

1      99.    NYOTA KOYA said, "Can you help me, please? You can or you cannot?"

**Body Search**

3      100.   Defendant DOE 1 moved behind NYOTA KOYA, as she remained seated on the ground.

4      101.   Defendant DOE 1 began to search through the pockets on NYOTA KOYA's rode.

5      102.   NYOTA KOYA said, "Leave me alone. Get your hands off of me. You -- get -- what are you doing?"

7      103.   Defendant DOE 1 removed items from NYOTA KOYA's robe pocket.

8      104.   Defendant DOE 1 said, "This isn't going to jail."

9      105.   NYOTA KOYA said, "What isn't going to jail?"

10      106.   Defendant DOE 1 said, "So, all your property --"

11      107.   NYOTA KOYA said, "Wait. No. What I want to know is what are you doing now? Are you taking things off of my body?"

13      108.   Defendant DOE 1 said, "Yep."

14      109.   Defendant DOE 1 removed a handful of coins from NYOTA KOYA's robe pocket and threw them onto the ground next to NYOTA KOYA.

16      110.   NYOTA KOYA said, "Why? This is my -- let go. What are you doing in my pockets?"

17      111.   Defendant DOE 1 continued to search NYOTA KOYA's robe pockets, remove items, and thrown them onto the ground.

19      112.   NYOTA KOYA said, "That's mine."

20      113.   Defendant DOE 1 said, "Yeah. You're going to jail."

21      114.   NYOTA KOYA said, "That's my money that's going inside that bag that they going to put me in jail."

23      115.   Defendant DOE 1 said, "Yeah."

24      116.   NYOTA KOYA said, "Let go. What is your problem? You got problems."

25      117.   Defendant DOE 1 continued to search NYOTA KOYA's robe pockets, including inside of the robe.

27      118.   Defendant DOE 1 said, "This is done playing your game."

28      119.   NYOTA KOYA said, "No. It's no 'done playing your game' because I'm not --"

120.    NYOTA KOYA began weeping again.

121.    Defendant DOE 1 said, "I played your -- I played your game for an hour and a half."

122.    NYOTA KOYA said, "I don't know what the hell you're talking about. Let me go. Let me go."

123.    Defendant DOE 1 grabbed hold of NYOTA KOYA's breast.

124.    NYOTA KOYA said, "Get --"

125.    Defendant DOE 1 said, "Sorry."

126.    NYOTA KOYA said, "You know what? You're a pervert. A fucking pervert is what you are. Get the fuck off -- you know what, bitch? Get your hands off me."

127.    Defendant DOE 1 said, "If you would like to add more charges…"

128.    NYOTA KOYA said, "I -- you know what? Stand -- let me -- stand me up. Stand me up. Let's fucking go, toe-to-toe, bitch."

129.    Defendant DOE 1 unreasonably intruded on NYOTA KOYA's bodily integrity while searching her and grabbing hold of her breast.

130.    Defendant DOE 1 failed to utilize appropriate policies, training, standards, and procedures, including California Commission on Peace Officer Standards and Training ("POST") Learning Domain 20 (Use of Force/Deescalation), Learning Domain 33 (Arrest and Control); and Sacramento Police Department General Order 580.02 (Use of Force), Reference Manual 523.02 (Search & Handcuff Manual).

**Stand-Up**

131.    Defendant DOE 1 lifted NYOTA KOYA from the ground by pulling her left arm, forcing her to stand.

132.    Defendant DOE 1 said, "Let's -- don't do that."

133.    NYOTA KOYA said, "No. You don't do it. You don't do it."

134.    Defendant DOE 1 opened the rear driver side door of his patrol vehicle.

135.    Defendant DOE 1 said, "Take a seat."

136.    NYOTA KOYA said, "Get my stuff."

137.    Defendant DOE 1 said, "Take a seat."

9

138.    NYOTA KOYA said, "Get my stuff."

139.    Defendant DOE 1 said, "Take a seat."

140.    NYOTA KOYA said, "Get my stuff."

141.    Defendant DOE 1 said, "Take a seat."

142.    NYOTA KOYA said, "Get my stuff."

143.    Defendant DOE 1 said, "Take a seat."

144.    NYOTA KOYA began to display labored breathing, including short and heavy breaths.

145.    Defendant DOE 1 said, "Take a seat."

146.    NYOTA KOYA lost consciousness while Defendant DOE 1 held her against the backseat of the patrol vehicle.

147.    NYOTA KOYA's labored breathing and loss of consciousness constituted a physical disability. NYOTA KOYA's physical disability substantially limited: (1) major life activities, including, but not limited to, caring for oneself, performing manual tasks, walking, standing, lifting, and bending; and (2) the operation of a major bodily function, including, but not limited to, respiratory and circulatory functions. For example, NYOTA KOYA's labored breathing and loss of consciousness caused permanent injuries which could cause death over time without timely medical attention.

148.    Defendant DOE 1 knew, or should have known, that NYOTA KOYA was suffering from a physical disability, including labored breathing and loss of consciousness.

149.    Defendant DOE 1 pushed NYOTA KOYA into the backseat of the patrol vehicle.

150.    NYOTA KOYA fell limply backwards, with her upper body landing in the footrest area of the patrol vehicle's backseat, and the right side of her head striking the wall separating the front and back seats of the patrol vehicle.

151.    Defendant DOE 1 grabbed hold of NYOTA KOYA's robe and pulled her limp body up.

152.    NYOTA KOYA was unconscious and non-responsive, with her eyes open.

153.    Defendant DOE 1 said, "Get up for me."

154.    NYOTA KOYA remained unconscious and non-responsive in Defendant DOE 1's hands.

155.    Defendant DOE 1 let go of NYOTA KOYA and left her lying in the backseat of the patrol vehicle.

156. Defendant DOE 1 said, "Get up."

157. NYOTA KOYA remained unconscious and non-responsive.

158. Defendant DOE 1 said, "Stand up for me. Get up."

159. Defendant DOE 1 grabbed hold of NYOTA KOYA's left arm, dragged her out of the backseat of the vehicle, and dropped her to the ground.

160. NYOTA KOYA's forehead struck the inside of the rear driver side door of the patrol vehicle, as Defendant DOE 1 dropped NYOTA KOYA's limp body to the ground.

161. Defendant DOE 1 placed NYOTA KOYA in a seated position on the ground, leaning her back against his knee.

162. Defendant DOE 1 said, "What's wrong?"

163. NYOTA KOYA remained unconscious and non-responsive.

164. Defendant DOE 1 used his radio and said, "28. Can you start a fire for a female, 62-year-old woman, having trouble breathing?"

165. More than a minute passed from when Defendant DOE 1 observed NYOTA KOYA's labored breathing and loss of consciousness to when Defendant DOE 1 radioed for a medical response.

166. Other officers arrived at the scene, including Defendants DOE 2 to 5, who were employed by Defendants CITY OF SACRAMENTO, SACRAMENTO POLICE DEPARTMENT, and KATHERINE LESTER.

167. NYOTA KOYA displayed behavior which Defendants DOE 1 to 5 knew or should have known required immediate medical attention, and Defendants DOE 1 to 5 could have provided aid.

168. On information and belief, Defendants DOE 1 to 5 failed to render aid to NYOTA KOYA while waiting for medical personnel to arrive at the scene, and while NYOTA KOYA remained unconscious and unresponsive.

169. NYOTA KOYA did not receive timely or appropriate treatment for her medical distress and condition which contributed to her death.

170. Defendants DOE 1 to 5's actions and inactions failed to comply with national, state, and local standards, including the California Commission on Peace Officer Standards and Training ("POST") Learning Domain 33 (Arrest and Control), Learning Domain 34 (First Aid, CPR, and AED); and

11

Sacramento Police Department General Order 522.02 (Emergency Care for Individuals Under Police Care or Control), Reference Manual 523.02 (Search & Handcuff Manual).

**Medical Response & Death**

171.    Eventually, emergency medical responders arrived at the scene.

172.    NYOTA KOYA was transported to a hospital.

173.    NYOTA KOYA was determined to have suffered brain death.

174.    On November 24, 2024, NYOTA KOYA died.

175.    Following autopsy, the coroner reported that NYOTA KOYA's cause of death was "Complications of Pulmonary Thromboembolism." The autopsy's findings noted, among other things, "Acute cerebral hemorrhages" and "Minor blunt force and sharp force injuries."

## POLICY / CUSTOM ALLEGATIONS

176.    Defendant KATHERINE LESTER has served as Defendants CITY OF SACRAMENTO and SACRAMENTO POLICE DEPARTMENT Police Chief from December 2021 to present. Defendant KATHERINE LESTER, in her capacity as Police Chief, is and was a final policymaking official for Defendants CITY OF SACRAMENTO and SACRAMENTO POLICE DEPARTMENT, including as it relates to the maintenance and operation of a police force; training, supervision, and discipline of staff acting under her command; and the safekeeping of arrestees/detainees in her officers' custody. Specifically, Defendant KATHERINE LESTER is and was responsible for the provision of medical care to arrestees/detainees in her officers' custody, including assessment of and response to medical emergencies and needs, and all policies, procedures, customs, hiring, staffing, supervision, and training related thereto.

177.    Defendants CITY OF SACRAMENTO, SACRAMENTO POLICE DEPARTMENT, and KATHERINE LESTER, including personnel Defendants DOE 1 to 5, maintain and/or acted pursuant to inadequate polices, customs, training, and/or supervision, resulting in the following deficiencies:

(a)    Failure to observe, monitor, and supervise arrestees/detainees;

(b)    Failure to transport arrestees/detainees to a hospital or facility for emergent medical care;

(c)    Failure to detect and investigate, intervene, or intercede when dangerous and

12

emergency conditions are present;

(d)     Failure reasonably to handle sensitive or ill arrestees/detainees without excessive force; and/or

(e)     Failure to summon and provide necessary and emergent medical care for inmates/patients with necessary and immediate medical needs.

178.    Defendants CITY OF SACRAMENTO and SACRAMENTO POLICE DEPARTMENT personnel have a history of mistreating, utilizing excessive force against, and/or failing to provide treatment for vulnerable persons, including during episodes of medical distress. For example:

(a)     On May 12, 2024, 55-year-old David Barefield, a man in medical distress pleading for help, was ignored by officers and transported to the jail, rather than a hospital, where he died. The decedent was found by officers while lying on the ground and suffering from overdose. The decedent informed officers that he could not move, that he was not well, and asked for medical attention but the officers ignored him. The officers laughed about the filthy conditions in which they found the decedent, while the decedent was confined to the backseat of a patrol vehicle and moaning in pain. The arresting officer was elated when he identified the decedent as having outstanding warrants, and decided that he would not cite-and-release the decedent but, instead, would transport him to jail, ensuring that the decedent would remain in custody longer without access to medical attention. The decedent pleaded with the arresting officer for "help" during the transport to jail but the officer ignored him. The decedent was unable to stand or walk under his own power and was dragged by officers into the jail, dropped to the ground and roughly handled by the officers, despite the decedent's obvious signs of medical distress. The decedent died hours later because officers continued to ignore his pleas for help and deteriorating condition. A civil rights lawsuit was filed. *Estate of Barefield v. City of Sacramento*, No. 2:24-cv-03427-TLN-JDP (E.D. Cal.). The case was partially settled against the County of Sacramento for $3,500,000, and the case against Defendants CITY OF SACRAMENTO, SACRAMENTO POLICE DEPARTMENT, and KATHERINE LESTER remains pending.

(b)     On July 23, 2024, a 51-year-old man suffering a mental health and medical crisis was assaulted and left in the back of a patrol vehicle by officers causing his death. Defendant DOE 1s responded to a report of a concerned family member who feared the decedent was under the influence of

narcotics and intended to harm himself. When officers arrived, they located the decedent nearby holding a knife. The decedent threw the knife into the street, fled from the officers, and entered a nearby parked vehicle. The officers dragged the decedent from the vehicle, pinned him to ground by pressing knees and body-weight onto his back and neck area, and handcuffed the decedent. The decedent was injured by the officers during the handcuffing and displayed signs of medical distress. The officers ignored the decedent's medical distress and restrained the decedent to the back seat of a patrol vehicle. The decedent lost consciousness in the patrol vehicle. The officers delayed in summoning and providing medical care to the decedent. Eventually, the fire department arrived at the scene and found the decedent unresponsive in the patrol vehicle. The decedent was later pronounced deceased. Sacramento Police Department, Case No. 2024-201803; <https://www.cityofsacramento.gov/police/police-transparency/incidents-of-public-interest/in-custody-deaths/2024-07-23--3600-block-of-jasmine-street>; <https://www.youtube.com/watch?v=HVHyPCpEGgM&rco=1>.

(c)     On June 27, 2023, an injured man suffering a medical crisis was ignored by officers who delayed summoning and providing necessary medical care. The officers responded to reports of an unknown individual in a resident's yard. The responding officers located an unoccupied vehicle which appeared to have been involved in a collision near the scene, and found the decedent in the resident's backyard. The decedent was in medical distress, including gasping for air, speaking incoherently, urinating himself, and stumbling with his pants down around his ankles and without shoes. The officers failed timely to call for medical assistance, including after the decedent fell to the ground, several minutes after the officers first contacted him and observed that he was in medical distress. Even after the decedent fell to the ground and responded affirmatively to the officers' questions whether he had been hurt in a vehicle collision and needed medical attention from the fire department, the officers delayed in summoning and providing the decedent with medical attention. The decedent died. Sacramento Police Department, Case No. 23-179508; <https://www.cityofsacramento.gov/police/police-transparency/incidents-of-public-interest/in-custody-deaths/june-27--2023>; <https://www.youtube.com/playlist?list=PLR0Wtq8JGPQbXacin0agpUGGaRcaJbwyi>.

(d)     On February 23, 2023, a 64-year-old woman was assaulted by officer Anthony Nunez, who re-fractured her previously injured wrist. The woman was homeless and requesting medical

treatment from the fire department while located at a light rail station. The regional transit authority requested the woman be removed from the station. Nunez arrived and asked the woman to leave but she refused because she wanted to ride the train. Nunez went hands-on with the woman when she refused to leave the station. Nunez placed the woman's right arm in a control-hold and pushed her down the station ramp. Nunez placed the woman's left arm in a two-handed rear wristlock, breaking the woman's left wrist. The woman fell to the ground and complained that her wrist was broken. Nunez realized the woman was injured and agreed to let her on the train. About two hours later, Nunez responded to another station where the woman was again requesting medical attention on the train. The woman's wrist broken earlier by Nunez was visibly swollen. The woman was transported to the hospital for treatment to her fractured wrist. Sacramento Police Department, No. 2023-51471; <https://www.youtube.com/playlist?list=PLR0Wtq8JGPQbaul3VMuI2gx2y5QJFmlSX>; documents: <https://www.cityofsacramento.gov/content/dam/portal/police/Transparency/SB-1421-Documents/2023/Documents%20from%2023-51471_Redacted.pdf>; <https://cityofsacramento.hosted-by-files.com/CityPRA/2023/2023-51471%20CSI%20Photos/>.

(e)      On September 11, 2022, William Danielson was arrested for allegedly punching a security guard. During the arrest, security guards and officers tackled Danielson to the ground and pressed their weight on top of him. Officers were injured by security guards during the arrest. Danielson complained of injury at the scene of the arrest, including pain to his chest and shortness of breath, but the arresting officers refused to provide him with medical treatment. Danielson was transported to the jail for booking. During medical intake Danielson again complained of pain to his chest and shortness of breath. The jail's medical staff refused to admit Danielson and booking officers were required to transport him to the hospital for medical clearance. Sacramento Police Department, Case No. 2022-255279; <https://www.cityofsacramento.gov/content/dam/portal/police/Transparency/SB-1421-Documents/2022/Documents%20from%202022-255279.pdf>; <https://cityofsacramento.hosted-by-files.com/CityPRA/2022/2022-255279%20CSI%20Photos/>.

(f)      On October 10, 2020, a 14-year-old Black boy was falsely arrested and tackled to tackled to the ground by officers Brandon Lundgren and Connor Lawrence, without any medical treatment requested or provided. The officers were dispatched in response to a report of kids "loitering,

fighting and deterring patrons from going to businesses" near a mall. As the officers arrived, a body-worn camera picked-up a conversation between Lundgren and Lawrence in the patrol car, with Lawrence stating, "How many of these kids you think are drinking Lean and shit? So ghetto, so ghetto, so ghetto. Should I just go out there and grab somebody and fucking, ka-ka-ka [imitating gunshots]?" Both Lundgren and Lawrence referred to the kids as "retarded." Lawrence took the boy to ground. Lundgren told the boy "alright, first victim," then handcuffed him and put him in the backseat of a patrol car, and said, "There is two hundred of you roaming around, being a pack of animals. It's like a pack of wolves out there destroying the community ... you are not going to get away... I could tase you, I could bola wrap you, I could shoot you with a bean bag round. I could deploy a dog on you. I mean, is this really how you are going to grow up and live your life, just 'fuck the police'? ... Live a great life and show some respect. Because right now, you are the problem with our society. You are the problem with our country." The boy was handcuffed for 27 minutes while the trespass detention evolved into a resisting arrest charge. Lundgren and Lawrence violated several policies, including by failing to document the incident, call a sergeant, release the boy to a parent or guardian, and complete Racial and Identify Profiling Act entries. The Sacramento Bee, *Sacramento police called kids 'ghetto' before handcuffing 14-year-old Black boy* (July 25, 2023), available at: <https://www.sacbee.com/news/local/article277536308.html>.

(g)    On March 20, 2018, 16-year-old Phayjjon McClellan, a Black boy, was assaulted by officer Darby Lannom while McClellan was a hospital patient lying in a hospital bed recovering from a recent gunshot wound and surgery. In attempt to obtain a cell phone held in McClellan's hand, Lannom grabbed McClellan's arm and twisted, striking McClellan in the face. Lannom also applied pressure to the site of McClellan's bullet wound, where several tender incisions were present, which caused a bullet fragment lodged in McClellan's torso to move, endangering his life. Lannom's partner, officer Vincent Catricala, stood by without objection or intervention as Lannom assaulted McClellan. Following the incident, the hospital submitted a complaint against Lannom to the Sacramento Police Department for the assault of patient McClellan. Lannom prepared and submitted a false report inaccurately describing his assault. Months after the assault, Lannom received a rank promotion from "officer" to "sergeant." A civil rights lawsuit was filed. *McClellan v. City of Sacramento*, No. 2:20-cv-00560-TLN-KJN (E.D. Cal.). The case was settled pretrial for $70,000.

(h)    On March 18, 2018, two police officers shot and killed an unarmed man experiencing a mental health crisis, Stephon Clark, while he hid in his grandmother's backyard. A civil rights lawsuit was filed. *Clark v. City of Sacramento*, No. 2:19-cv-00171-JAM-EFB (E.D. Cal.). The case was settled pretrial for $4,100,000.

(i)    On April 10, 2017, an officer grabbed, tackled, and punched a man, Nania Cain, for allegedly jaywalking. The man was injured but the officer refused to transport him to the hospital for medical treatment. Instead, the officer transported him to the jail, where further excessive force was used against the man. A civil rights lawsuit was filed. *Cain v. City of Sacramento*, No.  2:17-cv-00848-JAM-DB (E.D. Cal.). The case was settled pretrial for $550,000. The Sacramento Bee, *Sacramento paid $2.8M in settlements in 2018. See why and who got paid* (July 13, 2019), available at: <https://www.sacbee.com/news/local/article228710949.html>.

(j)    In March 2017, an officer used excessive force against a mentally ill man during a welfare check, including breaking his legs with a baton. The officers found the man passed out on the light rail tracks before using excessive force against the man. A civil rights lawsuit was filed. The case was settled pretrial for $600,000.

(k)    On March 6, 2017, three officers chased an unarmed man, John Hernandez, who had reportedly been loitering in front of a convenience store into a hospital. The officers tased, beat, and pinned the man to ground until he asphyxiated to the point of coma. A civil rights lawsuit was filed. *Hernandez v. City of Sacramento*, No. 2:17-cv-02311-JAM-DB (E.D. Cal.). The case was settled pretrial for $5,200,000. The Sacramento Bee, *Sacramento pays $5.2 million in lawsuit claiming cops beat, tased man into coma* (June 11, 2019), available at: <https://www.sacbee.com/news/local/article231173283.html>.

(l)    On July 11, 2016, a mentally-ill man, Joseph Mann, was falsely reported to have a gun when two officers unsuccessfully attempted to run-over the man with their patrol vehicle. The foficers exited their vehicle, chased the man on foot as he fled, cornered the man, and shot the man to death. A civil rights lawsuit was filed. *Mann v. City of Sacramento*, No. 2:16-cv-01847-WBS-DB (E.D. Cal.). The case was settled pretrial for $719,000. The Sacramento Bee, *Sacramento settles fatal police shooting of Joseph Mann for $719,000* (June 27, 2017), available at:

<www.sacbee.com/news/local/article130391109.html>.

179.    Defendants CITY OF SACRAMENTO, SACRAMENTO POLICE DEPARTMENT, and KATHERINE LESTER do not meaningfully discipline, re-train, correct, or otherwise penalize personnel involved in incidents where preventable deaths or injuries are sustained, including those described above. Defendants CITY OF SACRAMENTO, SACRAMENTO POLICE DEPARTMENT, and KATHERINE LESTER's routine failure to hold personnel accountable has created and encouraged an environment where personnel believe they can "get away with anything."

180.    Defendants CITY OF SACRAMENTO, SACRAMENTO POLICE DEPARTMENT, and KATHERINE LESTER failed adequately to train personnel, including Defendants DOE 1 to 5, adequately to assesses, monitor, and provide emergency care for individuals under police care or control, including NYOTA KOYA. Defendants CITY OF SACRAMENTO, SACRAMENTO POLICE DEPARTMENT, and KATHERINE LESTER were or should have been on notice regarding the need to discontinue, modify, or implement new and different versions of deficient policies or customs related to emergency care because the inadequacies and deficiencies were so obvious and likely to result in the violation of rights of persons, including the death of NYOTA KOYA.

181.    Defendants CITY OF SACRAMENTO, SACRAMENTO POLICE DEPARTMENT, and KATHERINE LESTER's inadequate policies, customs, training, supervision, and control of personnel and inmates was a moving force behind and contributed to the death of NYOTA KOYA.

## FIRST CLAIM

### False Detention / Arrest

### (U.S. Const. Amend. IV; 42 U.S.C. § 1983)

182.    Plaintiff ESTATE OF NYOTA KOYA asserts this Claim (pursuant to California Code of Civil Procedure § 377.30) against Defendant DOE 1.

183.    The allegations of the preceding paragraphs 1 to 175 are realleged and incorporated, to the extent relevant, as if fully set forth in this Claim.

184.    *Individual Liability*: Defendant DOE 1 falsely detained and/or arrested NYOTA KOYA, without a warrant and without probable cause, in violation of the Fourth Amendment to the United States Constitution.

185.    Defendant DOE 1's actions and inactions were motivated by evil motive or intent, involved reckless or callous indifference to constitutional rights, or were wantonly or oppressively done.

186.    NYOTA KOYA was injured as a direct and proximate result of Defendant DOE 1's actions and inactions, entitling Plaintiff ESTATE OF NYOTA KOYA to receive compensatory (survival) and nominal damages against Defendant DOE 1; and punitive damages against Defendant DOE 1.

WHEREFORE, Plaintiff ESTATE OF NYOTA KOYA prays for relief as hereunder appears.

## SECOND CLAIM

### Excessive Force

### (U.S. Const. Amend. IV; 42 U.S.C. § 1983)

187.    Plaintiff ESTATE OF NYOTA KOYA asserts this Claim (pursuant to California Code of Civil Procedure § 377.30) against Defendants CITY OF SACRAMENTO, SACRAMENTO POLICE DEPARTMENT, KATHERINE LESTER, and DOE 1.

188.    The allegations of the preceding paragraphs 1 to 181 are realleged and incorporated, to the extent relevant and as if fully set forth in this Claim.

189.    *Individual Liability*: Defendant DOE 1 used unreasonable and excessive force against NYOTA KOYA, in violation of the Fourth Amendment to the United States Constitution.

190.    *Municipal / Supervisory Liability*: Defendants CITY OF SACRAMENTO, SACRAMENTO POLICE DEPARTMENT, and KATHERINE LESTER maintained policies or customs of action and inaction resulting in harm to NYOTA KOYA, in violation of the Fourth Amendment to the United States Constitution.

191.    Defendants KATHERINE LESTER and DOE 1's actions and inactions were motivated by evil motive or intent, involved reckless or callous indifference to constitutional rights, or were wantonly or oppressively done.

192.    NYOTA KOYA was injured as a direct and proximate result of Defendants CITY OF SACRAMENTO, SACRAMENTO POLICE DEPARTMENT, KATHERINE LESTER, and DOE 1's actions and inactions, entitling Plaintiff ESTATE OF NYOTA KOYA to receive compensatory (survival) and nominal damages against Defendants CITY OF SACRAMENTO, SACRAMENTO POLICE DEPARTMENT, KATHERINE LESTER, and DOE 1; and punitive damages against Defendants

19

KATHERINE LESTER and DOE 1.

WHEREFORE, Plaintiff ESTATE OF NYOTA KOYA prays for relief as hereunder appears.

### THIRD CLAIM

**Unreasonable Intrusion On Bodily Integrity**

**(U.S. Const. Amend. IV; 42 U.S.C. § 1983)**

193.    Plaintiff ESTATE OF NYOTA KOYA asserts this Claim (pursuant to California Code of Civil Procedure § 377.30) against Defendant DOE 1.

194.    The allegations of the preceding paragraphs 1 to 175 are realleged and incorporated, to the extent relevant and as if fully set forth in this Claim.

195.    *Individual Liability*: Defendant DOE 1 unreasonably intruded on NYOTA KOYA's bodily integrity, in violation of the Fourteenth Amendment to the United States Constitution.

196.    Defendant DOE 1's actions and inactions were motivated by evil motive or intent, involved reckless or callous indifference to constitutional rights, or were wantonly or oppressively done.

197.    NYOTA KOYA was injured as a direct and proximate result of Defendant DOE 1's actions and inactions, entitling Plaintiff ESTATE OF NYOTA KOYA to receive compensatory (survival) and nominal damages against Defendant DOE 1; and punitive damages against Defendant DOE 1.

WHEREFORE, Plaintiff ESTATE OF NYOTA KOYA prays for relief as hereunder appears.

### FOURTH CLAIM

**Unreasonable Post-Arrest Care**

**(U.S. Const. Amend. IV; 42 U.S.C. § 1983)**

198.    Plaintiff ESTATE OF NYOTA KOYA asserts this Claim (pursuant to California Code of Civil Procedure § 377.30) against Defendants CITY OF SACRAMENTO, SACRAMENTO POLICE DEPARTMENT, KATHERINE LESTER, and DOE 1 to 5.

199.    The allegations of the preceding paragraphs 1 to 181 are realleged and incorporated, to the extent relevant and as if fully set forth in this Claim.

200.    *Individual Liability*: Defendants DOE 1 to 5 inadequately supervised, monitored, and responded to NYOTA KOYA, putting her at substantial risk of suffering serious harm, without taking reasonable available measures to abate that risk, where a reasonable official in the circumstances would

20

have appreciated the high degree of risk involved, in violation of the Fourth Amendment to the United States Constitution.

201.    *Municipal / Supervisory Liability*: Defendants CITY OF SACRAMENTO, SACRAMENTO POLICE DEPARTMENT, and KATHERINE LESTER maintained policies or customs of action and inaction resulting in harm to NYOTA KOYA, in violation of the Fourth Amendment to the United States Constitution.

202.    Defendants KATHERINE LESTER and DOE 1 to 5's actions and inactions were motivated by evil motive or intent, involved reckless or callous indifference to constitutional rights, or were wantonly or oppressively done.

203.    NYOTA KOYA was injured as a direct and proximate result of Defendants CITY OF SACRAMENTO, SACRAMENTO POLICE DEPARTMENT, KATHERINE LESTER, and DOE 1 to 5's actions and inactions, entitling Plaintiff ESTATE OF NYOTA KOYA to receive compensatory (survival) and nominal damages against Defendants CITY OF SACRAMENTO, SACRAMENTO POLICE DEPARTMENT, KATHERINE LESTER, and DOE 1 to 5; and punitive damages against Defendants KATHERINE LESTER and DOE 1 to 5.

WHEREFORE, Plaintiff ESTATE OF NYOTA KOYA prays for relief as hereunder appears.

## FIFTH CLAIM

### Retaliation

### (U.S. Const. Amend. I; 42 U.S.C. § 1983)

204.    Plaintiff ESTATE OF NYOTA KOYA asserts this Claim (pursuant to California Code of Civil Procedure § 377.30) against Defendant DOE 1.

205.    The allegations of the preceding paragraphs 1 to 175 are realleged and incorporated, to the extent relevant, as if fully set forth in this Claim.

206.    *Individual Liability*: Defendant DOE 1 retaliated against NYOTA KOYA for engaging in constitutionally protected activity with intent to inhibit that activity, in violation of the First Amendment to the United States Constitution.

207.    Defendant DOE 1's actions and inactions were motivated by evil motive or intent, involved reckless or callous indifference to protected rights, or were wantonly or oppressively done.

208.    NYOTA KOYA was injured as a direct and proximate result of Defendant DOE 1's actions and inactions, entitling Plaintiff ESTATE OF NYOTA KOYA to receive compensatory (survival) and nominal damages against Defendant DOE 1; and punitive damages against Defendant DOE 1.

WHEREFORE, Plaintiff ESTATE OF NYOTA KOYA prays for relief as hereunder appears.

## SIXTH CLAIM

### Title II of the Americans with Disabilities Act

### (42 U.S.C. § 12101, *et seq.*)

209.    Plaintiff ESTATE OF NYOTA KOYA (pursuant to California Code of Civil Procedure § 377.30) asserts this Claim against Defendants CITY OF SACRAMENTO and SACRAMENTO POLICE DEPARTMENT.

210.    The allegations of the preceding paragraphs 1 to 181 are realleged and incorporated, to the extent relevant and as if fully set forth in this Claim.

211.    Defendants CITY OF SACRAMENTO and SACRAMENTO POLICE DEPARTMENT qualify as a "public entity" within the meaning of 42 U.S.C. § 12131(1)(A) and 28 C.F.R. § 35.104. NYOTA KOYA had an impairment that substantially limited one or more major life activities and had a record of such an impairment.

212.    *Vicarious Liability*: Defendants DOE 1 to 5 failed reasonably to accommodate NYOTA KOYA's disability, where a reasonable accommodation was available, including by, *inter alia*, timely summoning medical care; transporting NYOTA KOYA to a hospital or facility that could provide necessary medical care or treatment; monitoring NYOTA KOYA based on an immediate medical need; and/or timely responding to NYOTA KOYA based on an immediate medical need, with deliberate indifference or reckless disregard, in violation of the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq*.

213.    *Municipal /Supervisory Liability*: Defendants CITY OF SACRAMENTO, SACRAMENTO POLICE DEPARTMENT, and KATHERINE LESTER maintained policies or customs of action and inaction resulting in harm to NYOTA KOYA, with deliberate indifference or reckless disregard, in violation of the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq*.

214.    Plaintiff NYOTA KOYA was injured as a direct and proximate result of Defendants CITY

22

1    OF SACRAMENTO, SACRAMENTO POLICE DEPARTMENT, KATHERINE LESTER, and DOE 1

2    to 5's actions and inactions, entitling Plaintiff ESTATE OF NYOTA KOYA to receive compensatory

3    (survival) and nominal damages against Defendants CITY OF SACRAMENTO and SACRAMENTO

4    POLICE DEPARTMENT.

5        WHEREFORE, Plaintiff ESTATE OF NYOTA KOYA prays for relief as hereunder appears.

6                        **SEVENTH CLAIM**

7                    **§ 504 of the Rehabilitation Act**

8                    **(29 U.S.C. § 701, *et seq.*)**

9        215.    Plaintiff ESTATE OF NYOTA KOYA (pursuant to California Code of Civil Procedure §

10   377.30) asserts this Claim against Defendants CITY OF SACRAMENTO and SACRAMENTO POLICE

11   DEPARTMENT.

12       216.    The allegations of the preceding paragraphs 1 to 181 are realleged and incorporated, to the

13   extent relevant and as if fully set forth in this Claim.

14       217.    Defendants CITY OF SACRAMENTO and SACRAMENTO POLICE DEPARTMENT

15   qualify as a "public entity" within the meaning of 42 U.S.C. § 12131(1)(A) and 28 C.F.R. § 35.104, and

16   receive federal financial assistance. NYOTA KOYA had an impairment that substantially limited one or

17   more major life activities and had a record of such an impairment.

18       218.    *Vicarious Liability*: Defendants DOE 1 to 5 failed reasonably to accommodate NYOTA

19   KOYA's disability, where a reasonable accommodation was available, including by, *inter alia*, timely

20   summoning medical care; transporting NYOTA KOYA to a hospital or facility that could provide

21   necessary medical care or treatment; monitoring NYOTA KOYA based on an immediate medical need;

22   and/or timely responding to NYOTA KOYA based on an immediate medical need, with deliberate

23   indifference or reckless disregard, in violation of the Rehabilitation Act, 29 U.S.C. § 794, *et seq.*

24       219.    *Municipal /Supervisory Liability*: Defendants CITY OF SACRAMENTO,

25   SACRAMENTO POLICE DEPARTMENT, and KATHERINE LESTER maintained policies or customs

26   of action and inaction resulting in harm to NYOTA KOYA, with deliberate indifference or reckless

27   disregard, in violation of the Rehabilitation Act, 29 U.S.C. § 794, *et seq.*

28       220.    Plaintiff NYOTA KOYA was injured as a direct and proximate result of Defendants CITY

                                23

OF SACRAMENTO, SACRAMENTO POLICE DEPARTMENT, KATHERINE LESTER, and DOE 1 to 5's actions and inactions, entitling Plaintiff ESTATE OF NYOTA KOYA to receive compensatory (survival) and nominal damages against Defendants CITY OF SACRAMENTO and SACRAMENTO POLICE DEPARTMENT.

WHEREFORE, Plaintiff ESTATE OF NYOTA KOYA prays for relief as hereunder appears.

## EIGHTH CLAIM

### Unwarranted Interference with Familial Association

### (U.S. Const. Amend. XIV; 42 U.S.C. § 1983)

221.    Plaintiff NATHIFA WRIGHT asserts this Claim against Defendants CITY OF SACRAMENTO, SACRAMENTO POLICE DEPARTMENT, KATHERINE LESTER, and DOE 1 to 5.

222.    The allegations of the preceding paragraphs 1 to 181 are realleged and incorporated, to the extent relevant and as if fully set forth in this Claim.

223.    Plaintiff NATHIFA WRIGHT shared a close relationship and special bond with NYOTA KOYA, which included deep attachments, commitments, and distinctively personal aspects of their lives and was typical of a loving parent-child relationship, prior to her death. Plaintiff NATHIFA WRIGHT frequently visited and spoke with NYOTA KOYA and shared a familial relationship.

224.    *Municipal / Supervisory / Individual Liability*: Defendants CITY OF SACRAMENTO, SACRAMENTO POLICE DEPARTMENT, KATHERINE LESTER, and DOE 1 to 5 caused the unwarranted interference with, and premature termination of, Plaintiff NATHIFA WRIGHT's familial association with NYOTA KOYA, in the violation of the Fourteenth Amendment to the United States Constitution.

225.    Defendants KATHERINE LESTER and DOE 1 to 5's actions and inactions were motivated by evil motive or intent, involved reckless or callous indifference to constitutional rights, or were wantonly or oppressively done.

226.    Plaintiff NATHIFA WRIGHT was injured as a direct and proximate result of Defendants CITY OF SACRAMENTO, SACRAMENTO POLICE DEPARTMENT, KATHERINE LESTER, and DOE 1 to 5's actions and inactions, entitling her to receive compensatory (wrongful death) and nominal damages against Defendants CITY OF SACRAMENTO, SACRAMENTO POLICE DEPARTMENT,

KATHERINE LESTER, and DOE 1 to 5; and punitive damages against Defendants KATHERINE LESTER, and DOE 1 to 5.

WHEREFORE, Plaintiff NATHIFA WRIGHT prays for relief as hereunder appears.

## NINTH CLAIM

### Unwarranted Interference with Familial Association

### (U.S. Const. Amend. I; 42 U.S.C. § 1983)

227.   Plaintiff NATHIFA WRIGHT asserts this Claim against Defendants CITY OF SACRAMENTO, SACRAMENTO POLICE DEPARTMENT, KATHERINE LESTER, and DOE 1 to 5.

228.   The allegations of the preceding paragraphs 1 to 181 are realleged and incorporated, to the extent relevant and as if fully set forth in this Claim.

229.   Plaintiff NATHIFA WRIGHT shared a close relationship and special bond with NYOTA KOYA, which included deep attachments, commitments, and distinctively personal aspects of their lives and was typical of a loving parent-child relationship, prior to her death. Plaintiff NATHIFA WRIGHT frequently visited and spoke with NYOTA KOYA and shared a familial relationship.

230.   *Municipal / Supervisory / Individual Liability*: Defendants CITY OF SACRAMENTO, SACRAMENTO POLICE DEPARTMENT, KATHERINE LESTER, and DOE 1 to 5 caused the unwarranted interference with, and premature termination of, Plaintiff NATHIFA WRIGHT's familial association with NYOTA KOYA, in the violation of the First Amendment to the United States Constitution.

231.   Defendants KATHERINE LESTER and DOE 1 to 5's actions and inactions were motivated by evil motive or intent, involved reckless or callous indifference to constitutional rights, or were wantonly or oppressively done.

232.   Plaintiff NATHIFA WRIGHT was injured as a direct and proximate result of Defendants CITY OF SACRAMENTO, SACRAMENTO POLICE DEPARTMENT, KATHERINE LESTER, and DOE 1 to 5's actions and inactions, entitling her to receive compensatory (wrongful death) and nominal damages against Defendants CITY OF SACRAMENTO, SACRAMENTO POLICE DEPARTMENT, KATHERINE LESTER, and DOE 1 to 5; and punitive damages against Defendants KATHERINE LESTER, and DOE 1 to 5.

WHEREFORE, Plaintiff NATHIFA WRIGHT prays for relief as hereunder appears.

## TENTH CLAIM

### False Detention / Arrest

### (Cal. Const. Art. I § 13)

233.    Plaintiff ESTATE OF NYOTA KOYA asserts this Claim (pursuant to California Code of Civil Procedure § 377.30) against Defendants CITY OF SACRAMENTO, SACRAMENTO POLICE DEPARTMENT, and DOE 1.

234.    The allegations of the preceding paragraphs 1 to 175 are realleged and incorporated, to the extent relevant, as if fully set forth in this Claim.

235.    *Individual Liability*: Defendant DOE 1 falsely detained and/or arrested NYOTA KOYA, without a warrant and without probable cause, in violation of Article I § 13 of the California Constitution.

236.    *Vicarious Liability*: Defendants CITY OF SACRAMENTO and SACRAMENTO POLICE DEPARTMENT are vicariously liable, through the principles of *respondeat superior* and/or pursuant to California Government Code § 815.2(a) for injuries proximately caused by the acts and omissions of employees acting within the scope of employment, including Defendant DOE 1.

237.    Defendant DOE 1's actions and inactions constituted oppression, fraud, and/or malice resulting in great harm.

238.    NYOTA KOYA was injured as a direct and proximate result of Defendant DOE 1's actions and inactions, entitling Plaintiff ESTATE OF NYOTA KOYA to receive compensatory (survival) and nominal damages against Defendants CITY OF SACRAMENTO, SACRAMENTO POLICE DEPARTMENT, and DOE 1; and punitive damages against Defendant DOE 1.

WHEREFORE, Plaintiff ESTATE OF NYOTA KOYA prays for relief as hereunder appears.

## ELEVENTH CLAIM

### Excessive Force

### (Cal. Const. Art. I § 13)

239.    Plaintiff ESTATE OF NYOTA KOYA asserts this Claim (pursuant to California Code of Civil Procedure § 377.30) against Defendants CITY OF SACRAMENTO, SACRAMENTO POLICE

DEPARTMENT, KATHERINE LESTER, and DOE 1.

240.    The allegations of the preceding paragraphs 1 to 181 are realleged and incorporated, to the extent relevant and as if fully set forth in this Claim.

241.    *Individual Liability*: Defendant DOE 1 used unreasonable and excessive force against NYOTA KOYA, in violation of Article I § 13 of the California Constitution.

242.    *Municipal / Supervisory Liability*: Defendants CITY OF SACRAMENTO, SACRAMENTO POLICE DEPARTMENT, and KATHERINE LESTER maintained policies or customs of action and inaction resulting in harm to NYOTA KOYA, in violation of Article I § 13 of the California Constitution.

243.    *Vicarious Liability*: Defendants CITY OF SACRAMENTO and SACRAMENTO POLICE DEPARTMENT are vicariously liable, through the principles of *respondeat superior* and/or pursuant to California Government Code § 815.2(a) for injuries proximately caused by the acts and omissions of employees acting within the scope of employment, including Defendants KATHERINE LESTER and DOE 1.

244.    Defendants KATHERINE LESTER and DOE 1's actions and inactions constituted oppression, fraud, and/or malice resulting in great harm.

245.    NYOTA KOYA was injured as a direct and proximate result of Defendants CITY OF SACRAMENTO, SACRAMENTO POLICE DEPARTMENT, KATHERINE LESTER, and DOE 1's actions and inactions, entitling Plaintiff ESTATE OF NYOTA KOYA to receive compensatory (survival) and nominal damages against Defendants CITY OF SACRAMENTO, SACRAMENTO POLICE DEPARTMENT, KATHERINE LESTER, and DOE 1; and punitive damages against Defendants KATHERINE LESTER and DOE 1.

WHEREFORE, Plaintiff ESTATE OF NYOTA KOYA prays for relief as hereunder appears.

## TWELFTH CLAIM

### Unreasonable Intrusion On Bodily Integrity

### (Cal. Const. Art. I § 13)

246.    Plaintiff ESTATE OF NYOTA KOYA asserts this Claim (pursuant to California Code of Civil Procedure § 377.30) against Defendants CITY OF SACRAMENTO, SACRAMENTO POLICE

DEPARTMENT, and DOE 1.

247.    The allegations of the preceding paragraphs 1 to 175 are realleged and incorporated, to the extent relevant and as if fully set forth in this Claim.

248.    *Individual Liability*: Defendant DOE 1 unreasonably intrude on NYOTA KOYA's bodily integrity, in violation of Article I § 13 of the California Constitution.

249.    *Vicarious Liability*: Defendants CITY OF SACRAMENTO and SACRAMENTO POLICE DEPARTMENT are vicariously liable, through the principles of *respondeat superior* and/or pursuant to California Government Code § 815.2(a) for injuries proximately caused by the acts and omissions of employees acting within the scope of employment, including Defendant DOE 1.

250.    Defendant DOE 1's actions and inactions constituted oppression, fraud, and/or malice resulting in great harm.

251.    NYOTA KOYA was injured as a direct and proximate result of Defendant DOE 1's actions and inactions, entitling Plaintiff ESTATE OF NYOTA KOYA to receive compensatory (survival) and nominal damages against Defendant DOE 1; and punitive damages against Defendant DOE 1.

WHEREFORE, Plaintiff ESTATE OF NYOTA KOYA prays for relief as hereunder appears.

## THIRTEENTH CLAIM

### Unreasonable Post-Arrest Care

### (Cal. Const. Art. I § 13)

252.    Plaintiff ESTATE OF NYOTA KOYA asserts this Claim (pursuant to California Code of Civil Procedure § 377.30) against Defendants CITY OF SACRAMENTO, SACRAMENTO POLICE DEPARTMENT, KATHERINE LESTER, and DOE 1 to 5.

253.    The allegations of the preceding paragraphs 1 to 181 are realleged and incorporated, to the extent relevant and as if fully set forth in this Claim.

254.    *Individual Liability*: Defendants DOE 1 to 5 inadequately supervised, monitored, and responded to NYOTA KOYA, putting her at substantial risk of suffering serious harm, without taking reasonable available measures to abate that risk, where a reasonable official in the circumstances would have appreciated the high degree of risk involved, in violation of Article I § 13 of the California Constitution.

255.     *Municipal / Supervisory Liability*: Defendants CITY OF SACRAMENTO, SACRAMENTO POLICE DEPARTMENT, and KATHERINE LESTER maintained policies or customs of action and inaction resulting in harm to NYOTA KOYA, in violation of Article I § 13 of the California Constitution.

256.     *Vicarious Liability*: Defendants CITY OF SACRAMENTO and SACRAMENTO POLICE DEPARTMENT are vicariously liable, through the principles of *respondeat superior* and/or pursuant to California Government Code § 815.2(a) for injuries proximately caused by the acts and omissions of employees acting within the scope of employment, including Defendants KATHERINE LESTER and DOE 1 to 5.

257.     Defendants KATHERINE LESTER and DOE 1 to 5's actions and inactions constituted oppression, fraud, and/or malice resulting in great harm.

258.     NYOTA KOYA was injured as a direct and proximate result of Defendants CITY OF SACRAMENTO, SACRAMENTO POLICE DEPARTMENT, KATHERINE LESTER, and DOE 1 to 5's actions and inactions, entitling Plaintiff ESTATE OF NYOTA KOYA to receive compensatory (survival) and nominal damages against Defendants CITY OF SACRAMENTO, SACRAMENTO POLICE DEPARTMENT, KATHERINE LESTER, and DOE 1 to 5; and punitive damages against Defendants KATHERINE LESTER, and DOE 1 to 5.

WHEREFORE, Plaintiff ESTATE OF NYOTA KOYA prays for relief as hereunder appears.

## FOURTEENTH CLAIM

### Tom Bane Civil Rights Act

### (Cal. Civ. Code § 52.1)

259.     Plaintiffs ESTATE OF NYOTA KOYA (pursuant to California Code of Civil Procedure § 377.30) and NATHIFA WRIGHT assert this Claim against Defendants CITY OF SACRAMENTO, SACRAMENTO POLICE DEPARTMENT, KATHERINE LESTER, and DOE 1 to 5.

260.     The allegations of the preceding paragraphs 1 to 258 are realleged and incorporated, to the extent relevant and as if fully set forth in this Claim.

False Detention / Arrest

261.     *Individual Liability*: Defendants DOE 1 falsely detained and/or arrested NYOTA KOYA,

29

without a warrant and without probable cause, with deliberate indifference or reckless disregard to rights protected by the Fourth Amendment to the United States Constitution; and Article I § 13 of the California Constitution.

### Excessive Force

262.    *Individual Liability*: Defendant DOE 1 used unreasonable and excessive force against NYOTA KOYA, with deliberate indifference or reckless disregard to rights protected by the Fourth Amendment to the United States Constitution; and Article I § 13 of the California Constitution.

263.    *Municipal / Supervisory Liability*: Defendants CITY OF SACRAMENTO, SACRAMENTO POLICE DEPARTMENT, and KATHERINE LESTER maintained policies or customs of action and inaction resulting in harm to NYOTA KOYA, with deliberate indifference or reckless disregard to rights protected by the Fourth Amendment to the United States Constitution; and Article I § 13 of the California Constitution.

### Unreasonable Intrusion On Bodily Integrity

264.    *Individual Liability*: Defendant DOE 1 unreasonably intrude on NYOTA KOYA's bodily integrity, with deliberate indifference or reckless disregard to rights protected by the Fourth Amendment to the United States Constitution; and Article I § 13 of the California Constitution.

### Unreasonable Post-Arrest Care

265.    *Individual Liability*: Defendants DOE 1 to 5 inadequately supervised, monitored, and responded to NYOTA KOYA, putting her at substantial risk of suffering serious harm, without taking reasonable available measures to abate that risk, where a reasonable official in the circumstances would have appreciated the high degree of risk involved, with deliberate indifference or reckless disregard to rights protected by the Fourth Amendment to the United States Constitution; and Article I § 13 of the California Constitution.

266.    *Municipal / Supervisory Liability*: Defendants CITY OF SACRAMENTO, SACRAMENTO POLICE DEPARTMENT, and KATHERINE LESTER maintained policies or customs of action and inaction resulting in harm to NYOTA KOYA, with deliberate indifference or reckless disregard to rights protected by the Fourth Amendment to the United States Constitution; and Article I § 13 of the California Constitution.

Retaliation

267.    *Individual Liability*: Defendant DOE 1 retaliated against NYOTA KOYA for engaging in constitutionally protected activity with intent to inhibit that activity, with deliberate indifference or reckless disregard to rights protected by the First Amendment to the United States Constitution; and Article I §§ 1, 2, and 3 of the California Constitution.

Title II of the Americans with Disabilities Act & § 504 of the Rehabilitation Act

268.    *Vicarious Liability*: Defendants DOE 1 to 5 failed reasonably to accommodate NYOTA KOYA's disability, where a reasonable accommodation was available, including by, *inter alia*, timely summoning medical care; transporting NYOTA KOYA to a hospital or facility that could provide necessary medical care or treatment; monitoring NYOTA KOYA based on an immediate medical need; and/or timely responding to NYOTA KOYA based on an immediate medical need, with deliberate indifference or reckless disregard to rights protected by the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq.*; and the Rehabilitation Act, 29 U.S.C. § 794, *et seq.*

269.    *Municipal /Supervisory Liability*: Defendants CITY OF SACRAMENTO, SACRAMENTO POLICE DEPARTMENT, and KATHERINE LESTER maintained policies or customs of action and inaction resulting in harm to NYOTA KOYA, with deliberate indifference or reckless disregard to rights protected by the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq.*; and the Rehabilitation Act, 29 U.S.C. § 794, *et seq.*

Unwarranted Interference with Familial Association

270.    *Municipal / Supervisory / Individual Liability*: Defendants CITY OF SACRAMENTO, SACRAMENTO POLICE DEPARTMENT, KATHERINE LESTER, and DOE 1 to 5 caused the unwarranted interference with, and premature termination of, Plaintiff NATHIFA WRIGHT's familial association with NYOTA KOYA, with deliberate indifference or reckless disregard to rights protected by the First and Fourteenth Amendments to the United States Constitution; and Article I, Section 7(a) of the California Constitution.

*    *    *

(Allegations Common to All Theories)

271.    *Vicarious Liability*: Defendants CITY OF SACRAMENTO and SACRAMENTO

31

POLICE DEPARTMENT are vicariously liable, through the principles of *respondeat superior* and/or pursuant to California Government Code §§ 815.2(a), for injuries proximately caused by the acts and omissions of employees acting within the scope of employment, including Defendants KATHERINE LESTER and DOE 1 to 5.

272.    Defendants KATHERINE LESTER and DOE 1 to 5's actions and inactions constituted oppression, fraud, and/or malice resulting in great harm.

273.    NYOTA KOYA and Plaintiff NATHIFA WRIGHT were injured as a direct and proximate result of Defendants CITY OF SACRAMENTO, SACRAMENTO POLICE DEPARTMENT, KATHERINE LESTER, and DOE 1 to 5's actions and inactions, entitling Plaintiffs ESTATE OF NYOTA KOYA and NATHIFA WRIGHT to receive compensatory (survival and wrongful death) and treble damages and penalties against Defendants CITY OF SACRAMENTO, SACRAMENTO POLICE DEPARTMENT, KATHERINE LESTER, and DOE 1 to 5; and punitive damages against Defendants KATHERINE LESTER and DOE 1 to 5.

WHEREFORE, Plaintiffs ESTATE OF NYOTA KOYA and NATHIFA WRIGHT pray for relief as hereunder appears.

### FIFTEENTH CLAIM

**Intentional Infliction of Emotional Distress**

274.    Plaintiff ESTATE OF NYOTA KOYA asserts this Claim (pursuant to California Code of Civil Procedure § 377.30) against Defendants CITY OF SACRAMENTO, SACRAMENTO POLICE DEPARTMENT, and DOE 1 to 5.

275.    The allegations of the preceding paragraphs 1 to 273 are realleged and incorporated, to the extent relevant and as if fully set forth in this Claim.

276.    *Individual Liability*: Defendants DOE 1 to 5 engaged in outrageous conduct, including by inadequately supervising, monitoring, and responding to NYOTA KOYA's immediate medical need, in violation of the United States and California Constitutions, federal and state laws, regulations, policies, standards, general orders, procedures, training, national and local standards, with intent or reckless disregard of the probability that NYOTA KOYA would suffer emotional distress and she did suffer severe emotional distress.

277.     *Vicarious Liability*: Defendants CITY OF SACRAMENTO and SACRAMENTO POLICE DEPARTMENT are vicariously liable, through the principles of *respondeat superior* and/or pursuant to California Government Code §§ 815.2(a) for injuries proximately caused by the acts and omissions of employees acting within the scope of employment, including Defendants DOE 1 to 5.

278.     Defendants DOE 1 to 5's actions and inactions constituted oppression, fraud, and/or malice resulting in great harm.

279.     NYOTA KOYA was injured as a direct and proximate result of Defendants DOE 1 to 5's actions and inactions, entitling Plaintiff ESTATE OF NYOTA KOYA to receive compensatory (survival) and nominal damages against Defendants CITY OF SACRAMENTO, SACRAMENTO POLICE DEPARTMENT, and DOE 1 to 5; and punitive damages against Defendants DOE 1 to 5.

WHEREFORE, Plaintiff ESTATE OF NYOTA KOYA prays for relief as hereunder appears.

## SIXTEENTH CLAIM

### Negligence

280.     Plaintiff ESTATE OF NYOTA KOYA asserts this Claim (pursuant to California Code of Civil Procedure § 377.30) against Defendants CITY OF SACRAMENTO, SACRAMENTO POLICE DEPARTMENT, KATHERINE LESTER, and DOE 1 to 5.

281.     The allegations of the preceding paragraphs 1 to 279 are realleged and incorporated, to the extent relevant and as if fully set forth in this Claim.

282.     *Individual Liability*: Defendants DOE 1 to 5 owed NYOTA KOYA a duty of care and breached that duty, including by inadequately supervising, monitoring, and responding to NYOTA KOYA's immediate medical need, in violation of the United States and California Constitutions, federal and state laws, regulations, policies, standards, general orders, procedures, training, national and local standards, and/or California Civil Code § 1714(a).

283.     *Supervisory Liability*: Defendant KATHERINE LESTER owed NYOTA KOYA a duty of care, including (a) through Defendant KATHERINE LESTER's own conduct in creating or increasing an unreasonable risk of harm to NYOTA KOYA; (b) through Defendant KATHERINE LESTER's special relationships (employer-employee) with Defendants DOE 1 to 5; and/or (c) through Defendant KATHERINE LESTER's special relationships (public protection and/or jailer-prisoner) with, and

33

affirmative duty to protect, NYOTA KOYA, and breached that duty including by maintaining policies or customs of action and inaction which resulted in harm to NYOTA KOYA in violation of the United States and California Constitutions, federal and state laws, regulations, policies, standards, general orders, procedures, training, national and local standards, and/or California Civil Code § 1714(a).

284.    *Vicarious Liability*: Defendants CITY OF SACRAMENTO and SACRAMENTO POLICE DEPARTMENT are vicariously liable, through the principles of *respondeat superior* and/or pursuant to California Government Code §§ 815.2(a), for injuries proximately caused by the acts and omissions of employees acting within the scope of employment, including Defendants KATHERINE LESTER and DOE 1 to 5.

285.    Defendants KATHERINE LESTER and DOE 1 to 5's actions and inactions constituted oppression, fraud, and/or malice resulting in great harm.

286.    NYOTA KOYA was injured as a direct and proximate result of Defendants CITY OF SACRAMENTO, SACRAMENTO POLICE DEPARTMENT, KATHERINE LESTER, and DOE 1 to 5's actions and inactions, entitling Plaintiff ESTATE OF NYOTA KOYA to receive compensatory (survival) damages against Defendants CITY OF SACRAMENTO, SACRAMENTO POLICE DEPARTMENT, KATHERINE LESTER, and DOE 1 to 5; and punitive damages against Defendants KATHERINE LESTER and DOE 1 to 5.

WHEREFORE, Plaintiff ESTATE OF NYOTA KOYA prays for relief as hereunder appears.

## SEVENTEENTH CLAIM

### Wrongful Death

### (Cal. Code Civ. Proc. § 377.60)

287.    Plaintiffs NATHIFA WRIGHT and AARON BAREFIELD assert this Claim against Defendants CITY OF SACRAMENTO, SACRAMENTO POLICE DEPARTMENT, KATHERINE LESTER, and DOE 1 to 5.

288.    The allegations of the preceding paragraphs 1 to 286 are realleged and incorporated, to the extent relevant and as if fully set forth in this Claim.

289.    NYOTA KOYA shared a natural parent-child relationship with her child, Plaintiff NATHIFA WRIGHT. NYOTA KOYA held out Plaintiff NATHIFA WRIGHT as her own. For example,

34

NYOTA KOYA frequently visited and spoke with Plaintiff NATHIFA WRIGHT and shared a loving mother-daughter relationship, prior to NYOTA KOYA's death. NYOTA KOYA is the biological parent of Plaintiff NATHIFA WRIGHT. Plaintiff NATHIFA WRIGHT is NYOTA KOYA's heir and successor-in-interest.

290.    *Individual Liability*: Defendants DOE 1 to 5 caused NYOTA KOYA's death by wrongful act and neglect, including by inadequately supervising, monitoring, and responding to NYOTA KOYA's immediate medical need, in violation of the United States and California Constitutions, federal and state laws, regulations, policies, standards, general orders, procedures, training, national and local standards, and/or California Civil Code § 1714(a).

291.    *Municipal / Supervisory Liability*: Defendants CITY OF SACRAMENTO, SACRAMENTO POLICE DEPARTMENT, and KATHERINE LESTER caused NYOTA KOYA's death by wrongful act and neglect, including by maintained policies or customs of action and inaction resulting in harm to NYOTA KOYA in violation of the United States and California Constitutions, federal and state laws, regulations, policies, standards, general orders, procedures, training, national and local standards, and/or California Civil Code § 1714(a).

292.    *Vicarious Liability*: Defendants CITY OF SACRAMENTO and SACRAMENTO POLICE DEPARTMENT are vicariously liable, through the principles of *respondeat superior* and/or pursuant to California Government Code §§ 815.2(a), for injuries proximately caused by the acts and omissions of employees acting within the scope of employment, including Defendants KATHERINE LESTER and DOE 1 to 5.

293.    Defendants KATHERINE LESTER and DOE 1 to 5's actions and inactions constituted oppression, fraud, and/or malice resulting in great harm.

294.    NYOTA KOYA died as a direct and proximate result of Defendants CITY OF SACRAMENTO, SACRAMENTO POLICE DEPARTMENT, KATHERINE LESTER, and DOE 1 to 5's actions and inactions, entitling Plaintiff NATHIFA WRIGHT to receive compensatory (wrongful death) damages against Defendants CITY OF SACRAMENTO, SACRAMENTO POLICE DEPARTMENT, KATHERINE LESTER, and DOE 1 to 5; and punitive damages against Defendants KATHERINE LESTER and DOE 1 to 5.

WHEREFORE, Plaintiff NATHIFA WRIGHT prays for relief as hereunder appears.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs ESTATE OF NYOTA KOYA and NATHIFA WRIGHT seek Judgment as follows:

1.      For an award of compensatory, general, special, and nominal damages (including survival and wrongful death damages under federal and state law) against Defendants CITY OF SACRAMENTO, SACRAMENTO POLICE DEPARTMENT, KATHERINE LESTER, and DOE 1 to 5, according to proof at trial;

2.      For an award of exemplary/punitive damages against Defendants KATHERINE LESTER and DOE 1 to 5, in an amount sufficient to deter and to make an example of them, because their actions and/or inactions, as alleged, were motivated by evil motive or intent, involved reckless or callous indifference to constitutionally and statutorily protected rights, or were wantonly or oppressively done; and/or constituted oppression, fraud, or malice resulting in great harm;

3.      For funeral and/or burial expenses;

4.      For an award of actual damages, treble damages, punitive damages, civil penalties, and any other available relief against Defendants CITY OF SACRAMENTO, SACRAMENTO POLICE DEPARTMENT, KATHERINE LESTER, and DOE 1 to 5, pursuant to California Civil Code §§ 52, 52.1, and any other statute as may be applicable (except that no punitive damages are sought against Defendants CITY OF SACRAMENTO and SACRAMENTO POLICE DEPARTMENT, pursuant to California Civil Code § 818);

5.      For an award of reasonable attorneys' fees and costs, pursuant to 42 U.S.C. § 1988, 29 U.S.C. § 794, 42 U.S.C. § 12205, California Civil Code § 52.1, California Code of Civil Procedure § 1021.5, and any other statute as may be applicable;

6.      For interest; and

\ \ \

\ \ \

\ \ \

\ \ \

1       7.     For an award of any other further relief, as the Court deems fair, just, and equitable.

2  Dated: April 30, 2025              Respectfully Submitted,

By: _____

Mark E. Merin
Paul H. Masuhara
LAW OFFICE OF MARK E. MERIN
1010 F Street, Suite 300
Sacramento, California 95814
Telephone: (916) 443-6911
Facsimile: (916) 447-8336

Attorneys for Plaintiffs
ESTATE OF NYOTA KOYA
and NATHIFA WRIGHT

37

**COMMPLAINT; DEMAND FOR JURY TRIAL**
*Estate of Koya v. City of Sacramento*, United States District Court, Eastern District of California, Case No. _____

1

**JURY TRIAL DEMAND**

2

A JURY TRIAL IS DEMANDED on behalf of Plaintiffs ESTATE OF NYOTA KOYA and

3

NATHIFA WRIGHT.

4

Dated: April 30, 2025                      Respectfully Submitted,

5

6

7

By: _____

8

Mark E. Merin
Paul H. Masuhara

9

LAW OFFICE OF MARK E. MERIN
1010 F Street, Suite 300

10

Sacramento, California 95814
Telephone: (916) 443-6911

11

Facsimile: (916) 447-8336

12

Attorneys for Plaintiffs
ESTATE OF NYOTA KOYA

13

and NATHIFA WRIGHT

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28